UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
ISAIAS BERMUDEZ, *pro se*,　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　Petitioner,　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　:　　**SUMMARY ORDER**
　　　　　　　-against-　　　　　　　　　　　　　:　　09-CV-1515 (DLI)
　　　　　　　　　　　　　　　　　　　　　　　　　:
SUPERINTENDENT JAMES T. CONWAY,　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　Respondent.　　　　　　　:
------------------------------------------------------------ x

**DORA L. IRIZARRY, United States District Judge:**

On April 10, 2009, *pro se*[1] Petitioner Isaias Bermudez, currently incarcerated at Southport Correctional Facility, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 4, 2011, Petitioner filed a "Motion for Preliminary Injunction and Motion for Temporary Restraining Order," challenging the conditions at Attica Correctional Facility ("Attica"), the facility at which he was previously held, and seeking to enjoin the defendants from returning him to Attica or housing him in any state facility in which he may be subjected to second-hand smoke.

Petitioner's motion is not properly the subject of this § 2254 petition. The Supreme Court has stated that:

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

---

[1] The court is mindful that *pro se* submissions, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

1

*Muhammad v. Close*, 540 U.S. 749, 750 (2004). Petitioner's motion for a preliminary injunction is not a challenge to the validity of his confinement. Rather, it regards the circumstances of confinement. Petitioner cannot use his habeas petition as a means for airing complaints that are properly brought under Section 1983.

In fact, Petitioner has already attempted to file a Section 1983 regarding these complaints. On February 19, 2010, Petitioner filed a Section 1983 action in the United States District Court for the Western District of New York, challenging the conditions of confinement at Attica. *Bermudez v. Conway*, 10-CV-6088 (JWF). Upon Petitioner's motion for *in forma pauperis* status, the court noted that 28 U.S.C. § 1915(g) prohibits a defendant from bringing a civil action or appeal a judgment in a civil action if he has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The court described Petitioner's previous filings, and held that, because Petitioner already had three dismissals pursuant to 28 U.S.C. § 1915(g), and was not in imminent danger of serious physical injury, he could not proceed *in forma pauperis*. Because Petitioner did not file the requisite filing fee, the court dismissed the case on July 16, 2010. Although Petitioner's Section 1983 claim was dismissed, this does not provide Petitioner a basis for asserting his claims in these habeas corpus proceedings.

In any event, the court notes that it is well settled that a convicted prisoner has no constitutional right to serve a sentence in any particular institution or to be transferred (or not transferred) from one facility to another. *Montanye v. Haymes*, 427 U.S. 236, 243 (1976) (no constitutional right of New York inmate to be placed in any particular facility); *Meachum v.*

*Fano*, 427 U.S. 215, 224-25 (1976) ("Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose."). Prison authorities are entrusted with unfettered discretion to transfer prisoners from one institution to another. *Pugliese v. Nelson*, 617 F.2d 916, 922-23 (2d Cir.1980).

Accordingly, Petitioner's motion for a preliminary injunction and temporary restraining order is denied. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
April 20, 2011

/s/
DORA L. IRIZARRY
United States District Judge